**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KENYATTA QUINN MITCHELL, CDCR #BC-0837, <br><br> Plaintiff, <br><br> v. <br><br> PAUL BENNETT; JANE DOE; ANGEL NUNEZ; BETHANY HOGGE; BONNIE DUMANIS; CLAUDIA PLASCENCIA; PATRICIA T. VALDOVINOS, <br><br> Defendants. | Case No. 24-cv-02307-BAS-DDL <br><br> **ORDER:** <br> **(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g);** <br><br> **(2) DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915A(b)(1); AND** <br><br> **(3) DENYING MOTIONS FOR PRELIMINARY INJUNCTION AND APPOINTMENT OF COUNSEL AS MOOT** <br><br> **(ECF Nos. 2, 3, 4, 7)** |

Plaintiff Kenyatta Quinn Mitchell, a prisoner incarcerated at California State Prison, Los Angeles County, in Lancaster, California, and proceeding without counsel, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1.) Plaintiff has also filed a motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), two identical motions for preliminary injunction, and a motion for appointment of counsel. (*See*

ECF Nos. 2, 3, 4, 7.)  Plaintiff claims state prosecutors, his public defender, and several probation and parole officers violated his Sixth, Eighth, and Fourteenth Amendment rights in the months preceding and during 2016 criminal proceedings in San Diego Superior Court Case No. SCN362476.  (ECF No. 1 at 2–6.)  Plaintiff seeks $2 million in general and punitive damages, declaratory relief, and a permanent injunction preventing the violation of his rights under California's Domestic Violence Protection Act.  (*Id*. at 8; *see also* ECF No. 4 at 1–3.)

For the reasons explained, the Court **DENIES** Plaintiff's motion to proceed IFP, **DISMISSES** his Complaint without leave to amend, and **DENIES** his motions for preliminary injunctive relief and appointment of counsel as moot.

# I. IFP MOTION

## A. Legal Standard

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350, and those not granted leave to proceed IFP must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

For prisoners like Plaintiff, however, the Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 to preclude the privilege of proceeding IFP:

> . . . if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).  Once a prisoner

has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1055 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

"'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim[,]'" *Andrews*, 398 F.3d at 1116 n.1, "even if the district court styles such dismissal as [a] denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

### B. Plaintiff's Prior "Strikes"

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, but "in some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. Upon review of its own dockets and those of the Ninth Circuit Court of Appeal, the Court finds that Plaintiff, while incarcerated, has had four prior civil actions and appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* Fed. R. Evid. 201(b)(2); *Tiedemann v. von Blanckensee*, 72 F.4th 1001, 1007 (9th Cir. 2023) (noting that courts may take notice of proceedings in other courts—state or federal—when those proceedings have a direct relation to matters at issue). They are:

(1)   *Mitchell v. Chula Vista Parole*, Case No. 20cv919-MMA-AHG, 2020

WL 5106653, at *8 (S.D. Cal. Aug. 31, 2020) (Order dismissing civil action "based on Plaintiff's failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1)") (ECF No. 11);[1]

(2)    *Mitchell v. Chula Vista Parole Bd.*, No. 20-56064, 2021 WL 11505176, at *1 (9th Cir. Aug. 19, 2021) ("[W]e conclude this appeal is frivolous.");

(3)    *Mitchell v. Bennett*, No.: 22-cv-1011-BAS-BGS, 2023 WL 4003473, at *3 (S.D. Cal. June 13, 2023) (Order dismissing civil action for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)) (ECF No. 26); and

(4)    *Mitchell v. Bennett*, No. 23-55577, 2024 WL 3226570, at *1 (9th Cir. Mar. 29, 2024) ("[W]e conclude that this appeal is frivolous."), *cert. denied*, 145 S. Ct. 303 (2024).

Accordingly, because Plaintiff accumulated four qualifying strikes pursuant to § 1915(g) before he filed this case, he cannot proceed IFP unless he meets the imminent danger exception to the three strikes provision of the PLRA.

**C.    Imminent Danger of Serious Physical Injury**

In order to qualify for § 1915(g)'s exception, Plaintiff's pleading must contain a "plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055; *see also* 28 U.S.C. § 1915(g). "Imminent danger" requires an allegation that a harm is "ready to take place," or "hanging threateningly over one's head," *Cervantes*, 493 F.3d at 1056, and "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, No. 21cv347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal.

---

[1]    This counts as a strike under § 1915(g) because Plaintiff's case was dismissed "as a whole" for two separate qualifying reasons: 1) Plaintiff's allegations failed to state a claim upon which § 1983 relief could be granted; and 2) it was clear from the face of his pleading that Plaintiff's claims were time-barred. *See Hoffman v. Pulido*, 928 F.3d 1147, 1152 (9th Cir. 2019); *Belanus v. Clark*, 796 F.3d 1021, 1024–25 (9th Cir. 2007) (concluding that the dismissal of a time-barred complaint "for failure to state a cause of action upon which relief could be granted" was properly "assessed as a strike" pursuant to 28 U.S.C. § 1915(g)).

Apr. 8, 2021) (citing *Cervantes*, 493 F.3d at 1053). Instead, "the exception functions as a limited safety valve for a prisoner who has exhausted his three strikes but nevertheless faces imminent danger stemming from the violations of law alleged in his complaint." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022).

Plaintiff has exhausted his three strikes, but he does not allege that he faces any imminent or ongoing physical danger stemming from the 2016 criminal proceedings which he alleges were "abusive," "vindictive," and "malicious" and are the subject of both his Complaint and his motions for injunctive relief. (*See* ECF No. 1 at 1, 4, 5; ECF No. 4 at 3; ECF No. 4-1 at 3–5.) At most, Plaintiff alleges that the deprivation of "procedural safeguards" at his trial have caused him emotional distress, *see* ECF No. 1 at 6, and he has been "irreparab[ly] harmed" as a result of his "wrongful conviction." (*See* ECF No. 4 at 2; ECF No. 4-1 at 4.) But "imprisonment itself" does not constitute imminent danger under § 1915(g). *See Alkebu-Lan v. Hazelwood*, No. 21-cv-06063-JST, 2022 WL 19317, at *4 (N.D. Cal. Jan. 3, 2022).

"The right to proceed *in forma pauperis* is not an unqualified one." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (citations omitted). "It is a privilege, rather than a right." *Id.* Section 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status." *Rodriguez*, 169 F.3d at 1180. Because Plaintiff's litigation history reflects a pattern of abuse of the judicial process, and he does not plausibly allege to have been in "imminent danger of serious physical injury" at the time he filed his Complaint, the Court **DENIES** him leave to proceed IFP in this action. *See Cervantes,* 493 F.3d at 1055.

## II.   SCREENING PURSUANT TO 28 U.S.C. § 1915A

### A.   Standard of Review

Even if Plaintiff paid the full filing fee or were eligible to proceed IFP, 28 U.S.C. § 1915A—also enacted as part of the PLRA—requires the Court to *sua sponte* dismiss any prisoner complaint, or any portion thereof, that is "frivolous, malicious, or fails to state a

claim upon which relief may be granted[,]" or "seeks monetary relief from a defendant who is immune," and in this case, Plaintiff's allegations are subject to dismissal on those grounds. 28 U.S.C. § 1915A(b)(1)–(2); *Coleman v. Tollefson*, 575 U.S. 532, 538–39 (2015). Section 1915A(a) "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g., Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000).

"On review, the court shall . . . dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (citing 28 U.S.C. § 1915A(b)). "The standard for dismissal for prisoner claims at screening is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024) (citing *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012)). A complaint may also be dismissed as frivolous if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citations and internal quotation marks omitted). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

**B.     Discussion**

Plaintiff's Complaint is also subject to *sua sponte* dismissal pursuant to 28 U.S.C. §1915A(b)(1) and (2) because it is clear from the face of his pleading that his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), since he seeks damages arising from an allegedly wrongful conviction from defendants who are immune, and his claims are

duplicative of those raised and dismissed in both a prior § 1983 civil rights action and in multiple habeas corpus proceedings filed in this Court pursuant to 28 U.S.C. § 2254.

### 1. Heck Bar & Immunity

First, Plaintiff seeks $2 million in damages, declaratory and injunctive relief from probation and parole officers who investigated and proffered testimony as well as the attorneys who both prosecuted and defended him in San Diego County Superior Court Case No. SCN362476. (*See* ECF No. 1 at 2–6, 8.) Plaintiff was convicted of robbery in that matter on December 14, 2016. *See Mitchell v. Dir. of the California Dep't of Corr. & Rehab.*, No. 18cv0697-WQH (BLM), 2018 WL 4680122, at *1–2 (S.D. Cal. Sept. 28, 2018), *report and recommendation adopted,* 2019 WL 157800 (S.D. Cal. Jan. 10, 2019) ("*Mitchell HC1*"). Specifically, Plaintiff's Complaint alleges Chula Vista parole officers Bennett and Doe violated his Fourteenth Amendment rights when they "fail[ed] to enforce a required restraining order," and the remaining Defendants, including his public defender, prosecutors, and two probation officers, violated his due process, Sixth, and Eighth Amendment rights during trial by failing to obtain exculpatory evidence, submitting false investigative reports, and depriving him of "procedural safeguards" as guaranteed by California's Domestic Violence Protection Act. (*See* ECF No. 1 at 4–6.) As a result, Plaintiff contends he was wrongfully deprived of his liberty based on an "abusive," "vindictive," and "malicious" prosecution. (*See* ECF No. 4 at 3; ECF No. 4-1 at 2–5.)

When a state prisoner raises claims that "necessarily imply" the invalidity of his state criminal conviction or sentence, a habeas corpus petition is his "sole federal remedy." *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *Heck,* 512 U.S. at 487. *Heck* and its progeny reaffirm that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser,* 411 U.S. at 489); *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) (en banc). "Under *Heck*, a plaintiff's civil claims challenging government conduct in connection with [his] arrest and prosecution may not proceed if a judgment in [his] favor 'would necessarily imply the invalidity of [his] conviction or sentence.'" *Mayfield v. City*

*of Mesa*, __ F.4th __, No. 23-3222, 2025 WL 890507, at *4 (9th Cir. Mar. 24, 2025) (quoting *Heck*, 512 U.S. at 487); *see also Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) ("*Heck* bars . . . claims that defendants lacked probable cause to arrest . . . and brought unfounded criminal charges.").

For this reason alone, the Court finds Plaintiff's Complaint, which essentially alleges his current and yet-to-be invalidated conviction and incarceration is the result of a malicious prosecution, fails to state a claim upon which § 1983 relief can be granted and is subject to *sua sponte* dismissal without leave to amend pursuant to 28 U.S.C. § 1915A(b)(1). *See Heck*, 512 U.S. at 486–87; *see also Guerrero v. Gates,* 442 F.3d 697, 703 (9th Cir. 2006) (finding that absent prior invalidation, *Heck* bars § 1983 suits alleging wrongful arrest, malicious prosecution, and conspiracy among police officers to bring false charges); *Washington v. Los Angeles Cnty. Sheriff's Dep't,* 833 F.3d 1048, 1055 (9th Cir. 2016) (finding that a § 1983 complaint barred by *Heck* may be dismissed for failure to state a claim when the pleading as a whole "present[s] an 'obvious bar to securing relief.'") (citation omitted). "[T]he PLRA expressly authorize[s] the district court to dismiss [a] complaint [barred by *Heck*] for failure to state a claim at any time[] even when . . . the legal basis for the dismissal [is raised] o[n] its own accord." *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024).

If that were not enough, Plaintiff's Complaint also requires dismissal pursuant to 28 U.S.C. § 1915A(b)(1) and (2) to the extent he seeks damages from his public defender, who does not act under color of state law, and prosecutors who are absolutely immune. *See Polk County v. Dodson,* 454 U.S. 312, 317–19 (1981) (explaining that a private attorney or a public defender does not act under color of state law within the meaning of § 1983); *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 842–43 (9th Cir. 2016) (explaining that state prosecutors are absolutely immune from § 1983 actions when performing functions "intimately associated with the judicial phase of the criminal process" or "when performing the traditional functions of an advocate." (first quoting *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); and then quoting *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997)).

### 2. Res Judicata

Finally, the doctrine of res judicata bars a party from re-litigating claims that were raised or could have been raised in a prior action. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Res judicata precludes a subsequent suit when there is: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between the parties." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (quoting *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)). Specifically, "a prior judgment in a federal habeas corpus proceeding may have preclusive effect in an action brought under § 1983." *Hawkins v. Risley*, 984 F.2d 321, 323 (9th Cir. 1992); *see also Silverton v. Dep't of the Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981) ("[W]e hold that because of the nature of a state habeas proceeding, a decision actually rendered should preclude an identical issue from being relitigated in a subsequent §1983 action if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards."). The Court may consider the res judicata effect of a prior proceeding *sua sponte*. *Hawkins*, 984 F.2d at 324.

Here, the Court finds that even if Plaintiff were entitled to proceed IFP, his suit were not barred by *Heck,* and defendants were not immune, he may not relitigate the due process, equal protection, ineffective assistance of counsel, or cruel and unusual punishment violations alleged in his Complaint because he has previously raised these same Sixth, Eighth, and Fourteenth Amendment challenges to his conviction in SCN362476 in two prior habeas corpus petitions filed pursuant to 28 U.S.C. § 2254, as well as in a previously-filed civil rights action pursuant to 42 U.S.C. § 1983 naming the same defendants. *See Mitchell HC1*, 2018 WL 4680122, at *5 (outlining Plaintiff's asserted due process, effective assistance of counsel, equal protection, and cruel and unusual punishment violations); *Mitchell v. CDCR Dir.*, No. 21-CV-1261 JLS (MDD), 2021 WL 2982067, at *1 (S.D. Cal. July 15, 2021) (Order Summarily Dismissing Successive Petition pursuant to

28 U.S.C. § 2244(b)(3)(A)) (ECF No. 3) ("*Mitchell HC2*");[2] and *Mitchell v. Bennett*, No. 22-CV-1011-BAS-BGS, 2023 WL 4003473, at *2 (S.D. Cal. June 13, 2023) (Order Dismissing Fourth Amended Complaint alleging Eighth Amendment violations against Defendants Bennett and Doe and malicious prosecution against all other Defendants for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)(1)) (ECF No. 26), *appeal dismissed*, No. 23-55577, 2024 WL 3226570 (9th Cir. Mar. 29, 2024), *cert. denied*, 145 S. Ct. 303 (2024).[3]

Thus, because the claims raised in this action are the same, both *Mitchell HC1* and *Mitchell v. Bennett* resulted in final judgments on the merits, and there is privity between the parties in both cases, *see Headwaters Inc.,* 399 F.3d at 1052, the Court finds Plaintiff's claims are also barred by res judicata principles. *See Hawkins,* 984 F.2d at 325 (holding that prior habeas action precluded subsequent § 1983 suit even though plaintiff sought different relief); *Nelson v. Brown*, No. 11-CV-2202-GPC (WVG), 2014 WL 1096189, at *8 (S.D. Cal. Mar. 19, 2014) (finding privity between the Warden named as Respondent in § 2254 habeas petition and prison officials named as Defendants in Plaintiff's subsequent § 1983 suit for purposes of res judicata); *Save Bull Trout v. Williams*, 51 F.4th 1101, 1109 (9th Cir. 2022) (noting that a "[d]ismissal for failure to state a claim is a judgment on the

---

[2] Plaintiff "acknowledge[d] that this [wa]s not his first federal petition for a writ of habeas corpus challenging his 2016 conviction in San Diego Superior Court, case number SCN362476, . . . [and further] acknowledge[d] the prior federal petition was denied on the merits." *Mitchell HC2*, 2021 WL 2982067, at *1. Plaintiff also "indicate[d] that one or more of the same issues presented . . . were raised in the prior federal petition." *Id.*

[3] *See Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of plaintiff's court briefs and hearing transcript in order to determine whether issues actually litigated in prior suit barred present action under the doctrine of issue preclusion); *Egan v. Teets*, 251 F.2d 571 (9th Cir. 1957) (finding that district court in a habeas corpus proceeding properly took judicial notice of prior habeas corpus proceedings in same court involving same state prisoner); *Nelson v. Brown*, No. 11-CV-2202-GPC (WVG), 2014 WL 1096189, at *3 (S.D. Cal. Mar. 19, 2014) (taking judicial notice of the "existence and legal effect" of court orders and filings in prior federal habeas corpus proceedings to determine whether a prisoner's subsequent § 1983 suit was barred by res judicata).

merits for purposes of claim preclusion") (citing *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002)); *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *see also Mulligan v. Montana*, No. CV-21-00054-M-DLC, 2021 WL 3617854, at *2 (D. Mont. Aug. 16, 2021) (dismissing § 1983 claims *sua sponte* pursuant to 28 U.S.C. § 1915A(b) as previously raised and dismissed in § 2254 petition).

### 3. Leave to Amend

Finally, while the Court generally grants unrepresented litigants leave to amend, it concludes doing so in this case would be futile. *See Lopez v Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc); *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend). Leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (internal citations omitted); *see also Bell v. Allison*, No. 20-16880, 2022 WL 4077119, at *1 (9th Cir. Sept. 6, 2022) ("Because Bell's claim is squarely foreclosed by *Heck*, amendment would be futile."); *Cornejo v. Minglana*, No. 23-cv-05383-JSW, 2025 WL 870415, at *4 (N.D. Cal. Mar. 20, 2025) (dismissing pro se prisoner's complaint for failing to state a claim and denying leave to amend claims barred by res judicata as futile).

## III. CONCLUSION

For all the reasons discussed, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP as barred by 28 U.S.C. § 1915(g) (ECF No. 2);

(2) **DISMISSES** this civil action based on Plaintiff's failure to pay the full $405 civil filing fee required by 28 U.S.C. § 1914(a), and his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1);

(3) **DENIES** Plaintiff's Motions for Preliminary Injunctive Relief and for Appointment of Counsel (ECF Nos. 3, 4, 7) as moot;

(4) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to

1  28 U.S.C. § 1915(a)(3); and

2      (5)  **DIRECTS** the Clerk of Court to enter a judgment of dismissal and to close
3  the file.

4      **IT IS SO ORDERED**.

6  **DATED: April 7, 2025**

                                                **Hon. Cynthia Bashant, Chief Judge**
                                                **United States District Court**